FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 30 2011 ★

LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH E. DUNCAN,

                      Plaintiff,

  -against-

CIGNA LIFE INSURANCE COMPANY
OF NEW YORK,

                      Defendant.
------------------------------------------------------X

**ORDER**
10-CV-1164 (SJF)(ARL)

FEUERSTEIN, J.

I.    Introduction

On March 15, 2010, plaintiff Joseph E. Duncan ("plaintiff" or "Duncan") commenced this action against CIGNA Life Insurance Company of New York ("defendant" or "CLICNY") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), alleging that defendant failed to pay him long term disability benefits under an employee welfare benefit plan.

Both parties have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Dockets Entry Nos. 62, 65]. On August 5, 2011, pursuant to a referral, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation (the "Report") recommending that defendant's motion be granted and that plaintiff's motion be denied. [Docket Entry No. 93]. On August 18, 2011, plaintiff filed objections to Judge Lindsay's Report. ("Pl.

1

Obj.") [Docket Entry No. 94]. Defendant filed a response to plaintiff's objections on September 1, 2011, [Docket Entry No. 95], and plaintiff filed a reply in further support of his objections on September 8, 2011 [Docket Entry No. 96].[1]

For the reasons that follow, Magistrate Judge Lindsay's Report and Recommendation is adopted in its entirety. Defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

II. Background

Plaintiff was employed by Pfizer, Inc. as a "packaging technician" or "maintenance mechanic" from July 23, 2001 until December 12, 2002. Report at 1-2; Plaintiff's 56.1 Statement ("Pl. 56.1 Stat.") [Docket Entry No. 61-2] at ¶¶ 14-16. While working at Pfizer, plaintiff participated in a long term disability benefit plan issued by CLICNY. Report at 1; Pl. 56.1 Stat. at ¶¶ 1-13; Administrative Record ("AR") [Docket Entry Nos. 69-71] at CLICNY1639. Plaintiff left Pfizer in December 2002 due to a knee injury. In January 2003, he was injured in a car accident. Report at 2; see AR at CLICNY0015.

Plaintiff received short term disability benefits from December 16, 2002 through June 15, 2003. Pl. 56.1 Stat. at ¶ 17. Plaintiff received long term disability benefits from August 19, 2003 to September 15, 2005, at which point CLICNY redefined the term "disability" and determined

---

[1] Federal Rule of Civil Procedure 72 only authorizes objections to a magistrate judge's report and recommendation and responses to those objections, but not replies. See Fed. R. Civ. P. 72(b); In re MTC Electronic Technologies Shareholder Litigation, 74 F.Supp.2d 276, 281 n. 4 (E.D.N.Y. 1999). Accordingly, the Court will not consider plaintiff's reply in further support of his objections.

that plaintiff no longer qualified as disabled under the terms of the plan. See Report at 2; Pl. 56.1 Stat. at ¶¶ 19, 39; AR at CLICNY1124. Plaintiff successfully appealed that determination, and in February 2007, CLICNY reinstated plaintiff's benefits retroactively to September 15, 2005. Report at 2; Pl. 56.1 Stat. at ¶¶ 40-49.

In 2008, CLICNY discovered what it considered to be inconsistencies between Duncan's functional capacity evaluation and a disability questionnaire. CLICNY commenced an "internal Special Investigations Review," which included surveillance of Duncan. Report at 9-10; AR at CLICNY0708-09; CLICNY0739. During the surveillance, which was conducted on several different dates between April and September 2008, Duncan was observed carrying cases of water bottles, driving, climbing stairs, shopping, walking without the aid of a cane, and installing a part in his car. Report at 9-11; AR at CLICNY0699; CLICNY0711-15; CLICNY0726-27; CLICNY0729-30.

On or about September 16, 2008, CLICNY sent Duncan for an independent medical examination performed by Dr. David A. Benatar, an orthopedic surgery specialist. Report at 12; AR at CLICNY0626-38. Dr. Benatar's report stated that plaintiff had self-limited his range of motion during the examination and that, in his opinion, Duncan was capable of performing a sedentary occupation. AR at CLICNY0633-37. A Transferable Skills Analysis was conducted, and it was determined that plaintiff was capable of performing several sedentary jobs, including "service clerk," "repair-order clerk," and "dispatcher." Report at 27; AR at CLICNY000620.

In a letter dated October 10, 2008, CLICNY notified plaintiff that his long term disability benefits would be discontinued because he no longer qualified as "disabled" under the terms of the policy. AR at CLICNY0613-16. Plaintiff appealed that decision in April 2009. AR at

CLICNY0525-30. A CLICNY medical director reviewed plaintiff's medical records in connection with the appeal, but agreed that plaintiff was capable of performing sedentary work, and CLICNY affirmed its decision in a letter dated July 20, 2009. AR at CLICNY0038; CLICNY0197-99; CLICNY0305-06.

On or about December 2, 2009, plaintiff submitted a second appeal, along with additional medical records. AR at CLICNY405-24. On December 21, 2009, plaintiff spoke with a CLICNY employee by telephone about whether plaintiff was planning to submit additional documents in support of his claims. AR at CLICNY0033; Defendant's 56.1 Statement ("Def. 56.1 Stmt.") [Docket Entry No. 65-3] at ¶ 96. Although the parties dispute what transpired during this conversation, CLICNY claims that it was granted an extension of time to make its determination. Report at 17-18. Plaintiff supplemented his appeal with additional medical records on December 23, 2009. AR at CLICNY0319-24.

In February 2010, a doctor performed an independent peer review of plaintiff's medical file and found that plaintiff's purported physical restrictions were not consistent with his medical records. AR at CLICNY0233-44. CLICNY's medical director reviewed plaintiff's file and came to similar conclusions. Def. 56.1 Stmt. ¶ 106; AR at CLICNY0232. In a letter dated March 15, 2010, CLICNY once again affirmed its decision and denied plaintiff's claim. AR at CLICNY0181-83. Plaintiff filed this action on that same date.

III. Discussion

    A.    Standards of Review.

        1.    Review of a Magistrate's Report and Recommendation.

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450 (LTS)(DFE), 07 Civ. 3436 (LTS)(DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        2.    Summary Judgment Standard.

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment

motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted).

An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required . . . to set forth specific facts showing that there is a genuine issue of material fact to be tried . . . . If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . , or upon the mere allegations or denials of the [nonmoving] party's pleading." Id. (internal quotation marks and citations omitted).

3. Review of a Denial of Employee Benefits.

"ERISA permits a person denied benefits under an employee benefit plan to challenge the

denial in federal court." Lopes v. First Unum Life Ins. Co., No. 09-CV-2442, 2011 WL 1239899, at *3 (E.D.N.Y. Mar. 30, 2011) (citing 29 U.S.C. § 1132(a)(1)(B)). "[A] denial of benefits challenged under [ERISA § 502(a)(1)(B)] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 622 (2d Cir. 2008) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). "If the insurer establishes that it has such discretion, the benefits decision is reviewed under the arbitrary and capricious standard." Id. (citing Fay v. Oxford Health Plan, 287 F.3d 96, 104 (2d Cir. 2002)). Here, it appears undisputed that the plan administrator had discretionary authority to determine a claimant's eligibility for benefits.[2]

B. Plaintiff's Objections to the Report and Recommendation.

Plaintiff objects that "the administrative record does not support [CLICNY's] opinion that [he] has the functional capacity to engage in sustained activity at a level required to perform sedentary work." Pl. Obj. at ¶ 33. Plaintiff contends that he "remains disabled as defined by the plan/policy," and that defendant's termination of his benefits was "unreasonable, unsupported by the evidence, erroneous as a matter of law and an abuse of discretion." Id. at ¶¶ 3-4.

---

[2] The summary plan description states that benefits will be paid "only if the Plan Administrator or the Claims Administrator decides in its discretion that you are entitled to them." The Plan Administrator or the Claims Administrator has the "sole discretion" to make "all determinations arising in the administration, construction, or interpretation of the Plan . . . ." Report at 3-4; AR at CLICNY1693.

7

Plaintiff argues that CLICNY found him unable to perform sedentary work in January 2007, and that there is no "objective, clinical proof" that his condition has improved since that time. Id. at ¶¶ 4, 7. Emphasizing the findings of various doctors and the results of various medical tests, plaintiff claims that his condition has only deteriorated since 2007, id. at ¶¶ 8-12, 15, and that the medical opinions and reports on which CLICNY relied are "incomplete, inaccurate and unreliable," id. at ¶¶ 18, 19, 21. Plaintiff also argues that the Report erred in the manner in which it evaluated and characterized parts of the surveillance evidence. See, e.g., Pl. Obj. ¶¶ 23, 24, 26.

Plaintiff further claims that CLICNY's decision was improperly influenced by its "conflict of interest," id. at ¶¶ 16, 25, 28, and that defendant did not "comply with the ERISA Claims Procedure" because its decision on plaintiff's appeal was "53 days late." Id. at ¶¶ 30-32.[3]

C. Analysis

1. Standard of Review of CLICNY's Decision.

The parties dispute whether the plan administrator's decision should be reviewed de novo or under an "arbitrary and capricious" standard. See Pl. Obj. ¶¶ 30-32; Defendant's Brief in Opposition [Docket Entry Nos. 62-18-23] at 1-9. This dispute is irrelevant because the Court has reviewed the record and finds that the administrator's decision should be upheld under either standard of review. Nevertheless, the Court agrees with Magistrate Judge Lindsay's

---

[3] To the extent plaintiff seeks to reargue claims he previously raised in his moving papers, the Report will be reviewed for clear error. See Walker v. Vaughan, 216 F.Supp.2d 290, 292 (S.D.N.Y. 2002).

8

recommendation that the decision should be reviewed under the arbitrary and capricious standard, and believes that a brief discussion of the issue is warranted.

In his objections, plaintiff argues that defendant's determination of his appeal was fifty-three (53) days late, and that defendant "has failed to comply in any reasonably respect with the deadlines." Pl. Obj. ¶¶ 30-32 (citing Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 107-109 (2d Cir. 2005)).[4] Plaintiff argues that Magistrate Judge Lindsay erred in applying the arbitrary and capricious standard, and that the administrator's decision should be reviewed de novo. See Pl. Br. at 8-9 (citing Burke v. PriceWaterhouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 80 (2d Cir. 2009) ("If the plan administrator misses any of the deadlines, the claim is deemed denied . . . . Moreover, once a deemed denied claim is in federal court, it is not subject to a deferential review, but rather to de novo review.")). Defendant argues that it "complied with all applicable claim procedures" and that its decision was timely. Def. Resp. at 16-17.

Even assuming that defendant's determination was late, this is not a case in which "the administrator fails to respond at all," see Morgenthaler v. First Unum Life Ins. Co., No. 03 Civ. 5941, 2006 WL 2463656, at *3 (S.D.N.Y. Aug. 22, 2006), nor is it a case in which the administrator has "failed to comply in any reasonable respect with the regulatory deadlines," Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 109 (2d Cir. 2005). CLICNY has provided a decision to which the Court can defer, and did so before it was served with the complaint in this action. See Docket Entry No. 4-2. Moreover, CLICNY regularly communicated with plaintiff

---

[4] Although plaintiff originally argued that CLICNY's decision was due by March 8, 2010, and therefore seven (7) days late, Plaintiff's Brief ("Pl. Br.") [Docket Entry No. 62-3] at 8-9, plaintiff now argues that CLICNY's decision was due by January 21, 2010, and therefore fifty-three (53) days late, Pl. Obj. at ¶ 32.

regarding the status of his appeal and informed the plaintiff of the reasons for delays. AR at CLICNY0186-191. Under these circumstances, the Court agrees with Magistrate Judge Lindsay that the arbitrary and capricious standard is appropriate. See, e.g., Rappa v. Connecticut General Life Ins. Co., No. 06-CV-2285, 2007 WL 4373949, at *8 (E.D.N.Y. Dec. 11, 2007) (applying arbitrary and capricious standard); Robinson v. Metropolitan Life Ins. Co., No. 06 Civ. 7604, 2007 WL 3254397, at *2 (S.D.N.Y. Nov. 2, 2007) (applying arbitrary and capricious standard when "tardiness was not in bad faith"); Giraldo v. Bldg. Svc. 32B-J Pension Fund, No. 04-CV-3595, 2006 WL 380455, at *3 n. 5 (S.D.N.Y. Feb. 16, 2006) ("[t]he case law supports the proposition that substantial compliance with the regulations suffices"); Pava v. Hartford Life & Accident Ins. Co., No. 03-CV-2609, 2005 WL 2039192, at *9 (E.D.N.Y. Aug 24, 2005); compare Solin v. Sun Life and Health Ins. Co., 766 F. Supp. 2d 380, 395-99 (E.D.N.Y. 2011); Fershadt v. Verizon Communs., Inc., No. 07 Civ. 6963 (CM), 2010 WL 571818, at *11 (S.D.N.Y. Feb. 9, 2010). Therefore, defendant's decision "may only be overturned if the Court finds that it was without reason, unsupported by substantial evidence, or erroneous as a matter of law," Rappa, 2007 WL 4373949, at *8, and the Court need not address the question of whether plaintiff agreed to a tolling of the deadline or whether he had the mental capacity to enter into such an agreement. See Pl. Obj. ¶ 17.

2. Defendant's Conflict of Interest.

There is insufficient evidence to support plaintiff's claim that CLICNY was influenced by its conflict of interest or that it "engaged in the type of conduct which is indicative of an

administrator's abuse of discretion." Pl. Obj. ¶ 16. "A court should weigh a potential conflict of interest as a 'factor in determining whether there is an abuse of discretion' on the part of the administrator, while continuing to apply a deferential standard of review to the decision of a potentially conflicted administrator." Alto v. Hartford Life Ins. Co., No. 09 Civ. 07763(DAB), 2011 WL 1330863, at *3 (S.D.N.Y. Mar. 31, 2011) (citing Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008)).

Plaintiff contends that CLICNY's incorrect reference to a magazine distributed by Jehovah's Witnesses as "The Beacon" was a "serious error" that was of "great importance in considering the impact CLICNY's conflict had on its adverse decision." Pl. Obj. ¶ 25. The Court agrees with Magistrate Judge Lindsay that the purported "irregularities" were "not so irregular as to suggest a higher likelihood that CLICNY was affected by its conflict in making its benefit decision," Report at 23.

3.  CLICNY's Determination.

"Courts reviewing plan administrators' benefit denials for arbitrariness and capriciousness are not free to substitute [their] own judgment for that of the insurer as if [they] were considering the issue of eligibility anew." Diamond v. Reliance Standard Life Ins., 672 F.Supp.2d 530, 535 (S.D.N.Y. 2009) (quoting Hobson v. Metropolitan Life Ins. Co., 574 F.3d 75, 83-84 (2d Cir. 2009) (internal citations omitted). "[A] court reviewing a plan administrator's decision must consider 'whether the decision was based on a consideration of relevant factors.'" Id. (quoting Miller v. United Welfare Fund, 72 F.3d 1066, 1072 (2d Cir. 1995)). This standard of

review is "highly deferential," and "this Court . . . will not overturn a decision to deny or terminate benefits unless it was without reason, unsupported by substantial evidence or erroneous as a matter of law." Fuller v. J.P. Morgan Chase & Co., 423 F.3d 104, 107 (2d Cir. 2005) (internal quotation marks omitted) (citation omitted). "Notwithstanding the deferential nature of the 'arbitrary and capricious' standard, courts have held that ERISA guarantees that the plan's administrator, the fiduciary, must provide a full and fair review of the decision to deny the claim." Neely v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry, No. 00-CV-2013, 2004 WL 2851792, at *8 (E.D.N.Y. Dec. 8, 2004) (citing 29 U.S.C. § 1133(2)).

Although plaintiff disputes CLICNY's conclusion, the record demonstrates a full and fair review and that CLICNY's decision was supported by substantial evidence. Notwithstanding plaintiff's purported physical limitations, the surveillance evidence showed plaintiff carrying cases of water, walking, driving, shopping, and climbing stairs. On the basis of that evidence and various medical reports, CLICNY found that plaintiff would be able to perform several different "sedentary" occupations. CLICNY reviewed plaintiff's file several more times in connection with his subsequent appeals. In connection with plaintiff's first appeal, CLICNY medical director Dr. Paul Seiferth reviewed plaintiff's medical records and concluded that he was capable of performing sedentary work. Report at 15; AR at CLICNY0305-06. In connection with plaintiff's second appeal, Dr. Ralph Kovach performed an independent peer review of plaintiff's file and also found that plaintiff's medical records did not support his claimed functional limitations. Report at 18; AR at CLICNY0233-44. Another CLICNY medical director, R. Norton Hall, also reviewed plaintiff's file and agreed the medical records did not support his

claimed functional limitations. Report at 18; AR at CLICNY0230-32.

Plaintiff claims that CLICNY was "on notice" of "errors and inaccuracies" in the information on which it relied, Pl. Obj. ¶ 29, and that the opinions of Dr. Benatar and Dr. Kovach are "incomplete," id. at ¶ 19. Plaintiff also argues that these findings and conclusions conflict with those of his own treating medical professionals, who, according to plaintiff, found that his condition had "worsened" over time. Pl. Obj. at ¶ 7. Plaintiff emphasizes the finding of a treating physician, Dr. Jakobsen, who stated in a report that plaintiff was "totally disabled" in September 2009, Pl. Obj. at ¶ 8, as well as the results of various tests and medical reports finding that plaintiff suffered from "bilateral carpal tunnel," as well as a variety of other ailments. Pl. Obj. at ¶¶ 7-14. Defendant, however, is entitled to rely on the determinations of its own independent physicians. See, e.g., Paljevic v. Bldg. Svc. 32B-J Health Fund, No. 06-CV-1196, 2007 WL 1958888, at *9 (E.D.N.Y. June 29, 2007) (defendant "is entitled to rely on the determinations of its own independent physicians over the findings of doctors proffered by [p]laintiff"); Demirovic v. Bldg. Svc. 32 B-J Pension Fund, 467 F.3d 208, 212 (2d Cir. 2006) ("a plan need not accord the insured's treating physician greater deference than a plan's retained physician").

In this case, the administrator's decision was grounded in substantial evidence, and it cannot be said that the decision was "without reason" or "erroneous as a matter of law." See Kinstler v. First Reliance Std. Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999). I find that it was within CLICNY's discretion to determine that plaintiff did not qualify as "disabled" under the terms of the plan, and that its decision to terminate plaintiff's benefits was not arbitrary and capricious. See generally Tortora v. SBC Communs., Inc., 739 F.Supp.2d 427 (S.D.N.Y. 2010).

The Court has reviewed plaintiff's remaining objections and finds them to be without merit.

IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied. The parties' motions in limine [Dockets No. 81, 82] are denied as moot. The Clerk of Court is directed to close this case.

**SO ORDERED.**

/S/ SANDRA J. FEUERSTEIN
_____
Sandra J. Feuerstein
United States District Judge

Dated:	December 30, 2011
	Central Islip, New York